**ABRAM & MEELL, P.A.**
ATTORNEYS AT LAW
2020 NORTH CENTRAL AVENUE, SUITE 690
PHOENIX, ARIZONA 85004
(602) 254-7041
Gregory J. Meell, State Bar No. 012526
gmeell@abrammeell.com
Attorneys for Plaintiff
Gregory J. Meell, State Bar No. 012526

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FLP, LLC<br><br>          Plaintiff,<br><br>vs.<br><br>99 Cents Only Stores, LLC<br><br>          Defendant | No.<br><br>**COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION (LANHAM TRADEMARK ACT, §43(a), 15 U.S.C. §§15-1114, 15-1117& 1125(a); TORT; INJUNCTIVE RELIEF)** |

Plaintiff, FLP, LLC by and through their attorneys, Abram & Meell, P.A., for their Complaint against the Defendant 99 Cents Only Stores hereby alleges as follows.

## I. JURISDICTION

### A. The Parties

1.     Plaintiff FLP, LLC (hereafter "FLP") is a corporation duly organized under the laws of the State of Arizona.

2.     FLP offers for sale to retail sellers various household goods bearing the "Great Ideas" name and mark in addition to products under other names and marks.

3.     Defendant 99 Cents Only Stores LLC, (hereafter "99") is a business incorporated under the laws of the State of California.

4.    99's principle place of business is located at 4000 East Union Pacific Avenue City of Commerce, CA

5.    99's retail unit (hereafter "99") engages in retail sales of closeout and regular general merchandise for 99 cents (or less) through more than 380 stores in four states, California, Texas, Arizona, and Nevada.

6.    99 sells name-brand and private-label food and grocery products, along with health and beauty aids, household and seasonal goods, hardware, stationary, and party products, and more.

7.    99's Bargain Wholesale unit distributes discounted merchandise to retailers, distributors, and exporters.

## B. Venue and Locus of Acts

1.    This Court has jurisdiction as this is a civil action arising under the trademark laws of the United States, 15 U.S.C. §§1051-1127, such jurisdiction being expressly conferred by 15 U.S.C. §1121 and 28 U.S.C. §1338(a) and (b).

2.    The effects of the acts and events complained of herein were committed and continued to be committed in whole, or in part, within the State of Arizona in the County of Maricopa.

3.    Witnesses regarding the claims herein are located in this forum.

4.    This forum is familiar with governing law.

5.    The necessary records can be produced in Arizona.

6.    The interest of the Arizona business community and the public policy of the State will be satisfied by a fair determination of the property rights of its corporate citizens in the business dispute in this forum.

7.    There are no administrative difficulties that would result from this forum exercising jurisdiction here.

00141706.DOC

8. The public policies of this forum would be protected by trial being conducted in this forum.

## II. GENERAL ALLEGATIONS

1. FLP is engaged in the business of selling to retail sellers a variety of household goods among them a number of name and trademark including, but not limited to, the Great Ideas name and trademark.

2. FLP offers for sale to retail household various goods bearing the "Great Ideas" name and mark. FLP's "Great Ideas" product line is the result of the formidable goodwill and excellent reputation developed by FLP. The "Great Ideas" name and trademark has come to be recognized around the world by the consuming public as being associated with fine household products.

3. FLP has considerable profits to expect due to the sale of these products under the "Great Ideas" name and trademark due to FLP's own energies, abilities, and business goodwill in being competitively identified with high quality household products.

4. FLP has spent significant resources over the years in establishing and maintaining the business goodwill associated with the "Great Ideas" name and trademark and has spent comparative sums in promoting that goodwill FLP has developed, and now owns, a most valuable goodwill symbolized by the license of their "Great Ideas" name and trademark.

5. FLP has registered the "Great Ideas" name and trademark in the United States Patent and Trademark Office, as reflected by valid and subsisting registrations, owned by FLP in full force and effect, unrevoked, and uncancelled, as a matter of public record.

6. FLP "Great Ideas" products are regularly sold in retail stores and advertised through advertisements in public periodicals and digital media.

1      7.   These advertisements are intended for the benefit of FLP and its wholesale

2  customers in consideration for the wholesale customer's use of the "Great Ideas" name

3  and trademark.

4      8.   Through the use of the above referenced advertising FLP's wholesale

5  customers solicit sales of the "Great Ideas goods on an intrastate basis.

6      9.   In 2014 representatives of 99 met with representatives of FLP and were

7  presented with and examined a variety of FLP products under the Great Idea product line

8  and trademark.

9      10.   In 2014 representatives of 99 expressed great interest in the product line and

10  were provided with promotional material and items of the Great Idea product line and

11  attractive trademark.

12      11.   Therefore 99 had knowledge as of that time that the "Great Ideas" trademark

13  and product line belonged to and was the property of FLP.

14      12.   Thereafter, 99 sold and advertised as their product household goods using the

15  "Great Ideas" name and using a counterfeit version of FLP's "Great Ideas" Trademark.

16      13.   Through the use of the above described advertisements and counterfeit marks

17  99 has made confusing and misleading representation to the effect that 99 is somehow

18  affiliated with the "Great Ideas" name and trademark.

19      14.   These counterfeit sales indicate that 99 considers it to be in competition with

20  FLP in the pursuit of profits derived from the sale of household goods.

21      15.   In order to advance 99's competition with FLP, 99 has unfairly, illegally, and

22  unethically engaged in practices and patterns of behavior, specifically the use of the

23  confusing "Great Ideas" name and counterfeit versions of FLP trademark, reflecting

24  willful, wanton and callous disregard for the rights, and business privileges of FLP.

25

26

16. By virtue of 99's prior knowledge of FLP "Great Ideas" product lines and trademarks 99 is a knowing infringer of FLP trademark and other rights and cannot claim the defense of an innocent infringer.

17. 99 has engaged in the operation of a business, and the advertising of goods and services sold by that business, which 99 knew, or should have known, was and continues to be confusing and/or deceptive in regard to FLP products.

18. The confusing and/or deceptive practices by 99 misrepresented the affiliation of the goods and services offered by 99. This wrongful conduct by 99 has resulted in the unlawful interference with the prospective business advantage of FLP. 99's conduct as described above, violates §43 of the Lanham Act (15 U.S.C. §1125(a)).

19. FLP has been, and will continue to be, damaged, such damage being reflected by lost profit and a reduced prospective business advantages; FLP has been, and will continue to be, injured by 99 sale of products under the name "Great Ideas" and advertising thereof, through which they confuse their business product with that of FLP, such injury being reflected in the unlawful lessening of the competition between FLP and 99, to the benefit of 99, and to the detriment of FLP and the public in general.

20. The public has been, and will continue to be, unlawfully deceived and/or confused by 99 use, and advertisement, of the "Great Ideas" in connection with 99's goods and services.

21. The public has been, and will continue to be, prevented from fairly judging between competitors because of 99's dissemination, and use, of their misleading and confusing business name of "Great Ideas".

22. As a result of the acts of 99 described in this Complaint, FLP are entitled to recover, and 99 is required to pay, the full cost of this claim, including a reasonable fee for the services of FLP's attorneys.

23. 99's acts and conduct appear to be a knowing, willful, wanton, and reckless disregard of the rights of FLP, and were and continue to be injurious to FLP's product names, trademark, business, and contractual relations.

24. By virtue of 99's prior knowledge of FLP Great Ideas product lines and trademarks 99 is a knowing infringer of FLP trademark and other rights and cannot claim the defense of an innocent infringer.

25. By virtue of 99's acts and conduct described in this Complaint, FLP are entitled to recover exemplary and punitive damages in an amount not less than triple the amount of 99's sale of the counterfeit products and related use of a counterfeits of FLP's trademark.

26. FLP has no adequate or speedy remedy at law to prohibit the continued acts and conduct of 99 and that FLP will suffer irreparable and immediate injury if 99 is not enjoined and restrained from their continuation of such acts and conducts.

27. The injurious falsehoods committed by 99 are evidenced by 99's engaging in the following practices and patterns of behavior:

      (a) The sale of counterfeit FLP products. This has resulted in both misrepresentations of the nature, characteristics and qualities of the goods and services of 99 and/or similar misrepresentations as to the nature, characteristics and qualities of the goods and services licensed by FLP.

      (b) These sales were then known by 99, or should have been known to be false and likely to deceive third persons to whom they were sold.

28. As a direct and proximate result of 99 engaging in the practices described in this Complaint and the related patterns of behavior, the following effects have occurred and will continue to occur:

      (a) The sale of products that confuse the products of 99 with those of FLP;

(b)     The sale of counterfeit FLP product and the publication of confusing advertisements and other communications will wrongfully prevent others from dealing with those businesses affiliated with FLP;

(c)     The sale of counterfeit FLP products and publication of the confusing advertisements and other communications materially and substantially serve to wrongfully induce, and continue to induce, others not to deal with those businesses affiliated with FLP's services;

(d)     FLP has been, and will continue to be, damaged as reflected by lost profits, terminated contractual relationships, and reduced prospective business advantage if FLP's name and trademark right continue to be infringed upon;

(e)     FLP has been, and will continue to be, injured by the confusing advertisements and other confusing communication and their competitive goodwill as established by their "Great Ideas" name and trademark has been and will be unlawfully lessened;

(f)     The public will be prevented from fairly judging between competitors because of 99's sale of counterfeit product and dissemination and descriptions and information of related advertisements, including a misrepresentative impression of 99's goods and services and a related disparagement of FLP's goods and services;

(g)     FLP has suffered, and will continue to suffer, special damage, such as special damage being reflected through the determination of existing contractual relations involving FLP's customers, by FLP's incurring expenses to counteract 99's confusing sales communications, by economic damage suffered by FLP, and by the loss of prospective business advantages.

29.   As a result of 99's conduct FLP has suffered and incurred losses and damages in an amount not yet fully determined, but, upon information and belief, not less than $200,000.00.

30.   As a result of the aforementioned conduct of 99, FLP is entitled to recover and 99 should be required to pay the full cost of this claim, including as part thereof, a reasonable fee for the service of FLP's attorneys.

31.   As a result of 99's conduct, 99 is subject to the imposition of exemplary and punitive damages arising from the willful, wanton, and reckless conduct, in total disregards of the rights of FLP, as more particularly described herein, in an amount not less than $200,000.00.

32.   99's interference with prospective advantage of FLP is evidenced by 99 engaging in the following patterns of behavior:

     (a)     99's false and deceptive advertising;

     (b)     Confusion of goods and services with those of FLP;

     (c)     Disparagement; and

     (d)     Efforts to interfere with and/or induce away existing and/or potential contracting third parties and customers of FLP and his licensees.

33.   All of the above described practices and patterns of behavior have been, and will continue to be, negligently or illegitimately intended to interfere with the prospective advantage of FLP.

34.   As a direct and proximate result of 99's engaging in the herein-described practices and patterns of behavior, the following effects have and will continue to occur.

     (a)     As a result of 99's negligent and illegitimate behavior, FLP has been, and will continue to be, unlawfully prevented from obtaining a prospective pecuniary advantage;

(b)     FLP has suffered, and will continue to suffer, a diversion of potential customers and contractual relations with third parties by the unfair and unreasonable means employed by 99, as more particularly described herein, injuring the public and FLP;

(c)     The sale of the counterfeit products and related use of a counterfeits of FLP's trademark are derogatory to FLP's business by confusing it with that of 99;

(d)     The sale of the counterfeit product by 99 will prevent others from dealing with FLP;

(e)     The sale of the counterfeit product materially and substantially serves to induce and continue to induce others not to deal with FLP;

(f)     FLP has been, and will continue to be, damaged, such damages being suffered by lost profits, terminated contractual relationships and reduced prospective business advantages;

(g)     FLP has been, and will continue to be, injured by false and confusing sales of counterfeit products and related use of a counterfeits of FLP's trademark advertising.

(h)     FLP's competitive position in the marketplace has been and will be unlawfully lessened;

(i)     The public will be prevented from fairly judging between competitors because of 99's sale of counterfeit product;

(j)     FLP has suffered, and will continue to suffer, special damage, such special damage reflected through FLP incurring expenses to counteract 99's confusions and disparagements, by economic damage suffered by FLP, and by the loss of prospective business advantages.

35. The remedies for trademark infringement under the Lanham Act consist of: injunctive relief; an accounting for profits (lost profits and/or the infringer's profits); damages, including the possibility of treble damages when appropriate; attorney's fees in "exceptional (willful) cases"; and costs. See 15 U.S.C. § 1117. These remedies are cumulative, meaning that a successful plaintiff may recover the defendant's profits in addition to any damages, or other remedies awarded.

36. Furthermore, examination of infringing packaging and product obtained from 99, below, clearly shows that the product in 99 is a clear infringement of FLP's copyrights in its packaging and FLP's copyrights in its product design.

37. This copying is a blatant infringement of FLP's copyrights and a violation of 17 U.S.C. § 501.

38. Remedies available to our client for copyright infringement include: an injunction against further infringement -- such as an order preventing 99 from future use, copying, or distribution of the copyrighted works; impounding or destruction of infringing copies; damages of up to $200,000.00; and costs and attorney's fees.

39. FLP is contracting to sell its product to retailers. By selling the counterfeit product and related use of a counterfeit of FLP's trademark 99 in wrongfully interfering with those contractual relations in that other retailer may or have declined to purchase FLP's product because 99 is selling the counterfeit product and related use of a counterfeit of FLP's trademark.

40. Remedies available to our client for wrongful interference with contractual relations include: an injunction against further infringement -- such as an order preventing 99 from future sale of the product and use, copying, or distribution of the copyrighted works; impounding or destruction of infringing copies; damages — statutory damages of up to $200,000.00; and costs and attorney's fees.

### III. FIRST CLAIM FOR RELIEF / VIOLATION OF THE FEDERAL LANHAM TRADEMARK ACT § 43, 15 U.S.C. § 1125(A) DAMAGE FROM FALSE ADVERTISING AND MISREPRESENTATIONS OF PRODUCTS IN INTERSTATE COMMERCE

#### A. Claim for Violation of Lanham Act

1.  FLP incorporates by this reference each and every allegation set forth in Sections I and II above as though fully set forth herein.

2.  99 has been informed in writing that the operation of 99's business, and the advertising of its goods as described above was and continues to be confusing and/or deceptive.

3.  The confusing and/or deceptive practices by 99 misrepresented the affiliation of the goods and services offered by 99.

4.  This wrongful conduct was, and is, evidenced by 99 engaging in the practices and patterns of behavior described above.

5.  This activity by 99 has resulted in 99 violating §43 of the Lanham Act (15 U.S.C. §1125(a)).

6.  As a direct and proximate result of 99's engaging in the practices and patterns of behavior described in this Complaint, and thereby violating §43 of the Lanham Act (15 U.S.C. §1125), the following effects have and will continue to occur:

    (a)    FLP has been, and will continue to be, damages, such damage being reflected by lost profit and a reduced prospective business advantages;

    (b)    FLP has been, and will continue to be, injured by 99 sale of good and advertising thereof, under the confusing business name of "Great Ideas" through which they confuse their business product with that of FLP, such injury being reflected in the unlawful lessening of the competition between FLP and 99, to the benefit of 99, and to the detriment of FLP and the public in general;

(c)     The public has been, and will continue to be, unlawfully deceived and/or confused by 99's use, and advertisement, of the Great Idea in connection with 99's goods and services;

(d)     The public has been, and will continue to be, prevented from fairly judging between competitors because of 99's dissemination, and use, of their misleading and confusing product line name of Great Idea.

7.     As a result of 99's conduct as is more particularly described in this Complaint, FLP has suffered and incurred loss in damages in an amount not yet fully determined, but, upon information and belief, not less than $200,000.00.

8.     FLP will ask leave of this Court to amend this claim upon determination of the exact amount of their losses and damages.

9.     As a result of the acts of 99 described in this Complaint, FLP is entitled to recover, and 99 is required to pay, the full cost of this claim, including a reasonable fee for the services of FLP's attorneys.

10.     99's acts and conduct described in this Complaint describe a willful, wanton, and reckless disregard of the rights of FLP, and were and continue to be injurious to FLP's name, trademark, business, and contractual relations.  By virtue of 99's acts and conduct described in this Complaint, FLP is  entitled to recover exemplary and punitive damages in an amount not less than $200,000.00.

11.     FLPs has no adequate or speedy remedy at law to prohibit the continued acts and conduct of 99 and that FLP will suffer irreparable and immediate injury if 99 are not enjoined and restrained from their continuation of such acts and conducts.

**B.  Prayer For Relief from Violation of Lanham Act**

Based upon the foregoing  FLP prays for judgment against 99 as follows:

1.     For an Order to Show Cause directing 99 to appear at a hearing at which the Court will review the evidence in support of FLP's first claim for relief;

1    2.    If by such evidence FLP establishes the probable validity of their claim, AN
2    Order that 99 is preliminarily enjoined from the false and confusing use and/or
3    advertising of their goods and services under the Great Idea business name either alone or
4    in comparison with the goods and services of FLP.

5    3.    That 99, and each of their agents, employees, successors and/or assigns, and
6    any and all other persons acting for, under or through 99, be perpetually enjoined and
7    restrained from directly or indirectly continuing, renewing or maintaining the violations
8    described in this Complaint.

9    4.    That the Court award judgment in favor of FLP and against 99 in an amount
10    not less than $200,000.00 for losses and damages FLP has suffered arising out of the
11    conduct described in this Complaint.    FLP has not yet determined the precise dollar
12    amount of such damage, and upon such determination through discovery, FLP will seek
13    leave of this Court to amend their Complaint in order to reference such an amount.

14    5.    That this Court award FLP exemplary and punitive damages in an amount
15    not less than $200,000.00 arising from the willful, wanton, and reckless conduct of 99, in
16    total disregard of the rights of FLP, as more particularly described in this Complaint.

17    6.    That this Court award, and 99 be obligated and required to pay, the full cost
18    of this lawsuit, including as part thereof, a reasonable fee for the services of FLP's
19    attorneys.

20    7.    That this Court order such other and further relief as the Court may deem
21    just and proper.

22    8.    That this Court retain jurisdiction for the purposes of enabling FLPs to
23    apply to this Court at any future time for any further orders and directions as may be
24    necessary and proper for the construction and/or carrying out of any and all orders granted
25    by this Court for the enforcement or compliance therewith and the punishment of any and
26    all violations of such orders.

# IV.  SECOND CLAIM FOR RELIEF / INJURIOUS FALSEHOOD

## A.  Claim for Injurious Falsehood

1.     FLP incorporates by this reference each and every one of the allegations set forth Sections I, II, and III above as though fully set forth herein.

2.     The injurious falsehoods committed by 99 are evidenced by 99 engaging in the following practices and patterns of behavior:

   a.     The communications to third persons of false and misleading services of 99 are somehow affiliated with the business goodwill and reputation associated with FLP.

   b.     This has resulted in both misrepresentations of the nature, characteristics and qualities of the goods and services of 99 and/or similar misrepresentations as to the nature, characteristics and qualities of the goods and services licensed by FLP.  All of this was conducted by means of advertising by 99 which was then, and continues to be, false and deceptive;

   c.     These representations were then known by 99, or should have been known to be false and likely to deceive third persons to whom they were communicated.

3.     As a direct and proximate result of 99 engaging in the practices described in this Complaint and the related patterns of behavior, the following effects have occurred and will continue to occur:

   a.     The publication of confusing advertisements and other communication which will confuse the services of 99 with those affiliated with FLP's business;

   b.     The publication of confusing advertisements and other communications will wrongfully prevent others from dealing with those businesses affiliated with FLP;

c. The publication of the confusing advertisements and other communications materially and substantially serve to wrongfully induce, and continue to induce, others not to deal with those businesses affiliated with FLP's services;

d. FLP has been, and will continue to be, damaged as reflected by lost profits, terminated contractual relationships, and reduced prospective business advantage if FLP's name and trademark right continue to be infringed upon;

e. FLP has been, and will continue to be, injured by the confusing advertisements and other confusing communication and their competitive goodwill as established by their "Great Ideas" name and trademark will be unlawfully lessened;

f. The public will be prevented from fairly judging between competitors because of 99's dissemination of confusing and deceptive descriptions and information through advertisements, including a misrepresentative impression of 99's goods and services and a related disparagement of FLP's goods and services;

g. FLP has suffered, and will continue to suffer, special damage, such as special damage being reflected through the determination of existing contractual relations involving FLP, its licensees, and/or FLP's licensees, and its customers, by FLPs incurring expenses to counteract 99's confusing communications, by economic damage suffered by FLP, and by the loss of prospective business advantages.

4. As a result of 99's conduct as is more particularly described herein, FLP has suffered and incurred losses and damages in an amount not yet fully determined, but, upon information and belief, exceeds $75,000.00 and FLP will ask leave of Court to amend this claim upon determination of the exact amount of their losses and damages.

5.     As a result of the aforementioned conduct of 99, FLP is entitled to recover and 99 should be required to pay the full cost of this claim, including as part thereof, a reasonable fee for the service of FLP's attorneys.\

6.     As a result of 99's conduct, 99 are subject to the imposition of exemplary and punitive damages arising from the willful, wanton, and reckless conduct, in total disregards of the rights of FLP, as more particularly described herein, in an amount not less than $200,000.00.

7.     FLP has no adequate or speedy remedy at law to prohibit the continued acts and conduct of 99 and FLP will suffer irreparable and immediate injury if 99 are not enjoined and restrained from the continuation of such acts and conduct.

**B. Prayer for Relief from Injurious Falsehood**

**WHEREFORE**, FLP prays for judgment against 99 as follows:

1.     For an order of this Court enjoining 99 and any person acting at the insistence of, or upon, their behalf, from each of the acts and events specifically described in FLP's Second Claim for Relief, in accord with the jurisdiction of this Court.

2.     For an Order to Show Cause directing 99 to appear at a hearing at which the Court will review the evidence in support of FLP's Second Claim for Relief.

3.     If by such evidence FLP establishes the probable validity of their claim, an Order of the court requiring 99 to refrain from the advertising practices and business name uses described herein.

4.     For an order of this Court to the effect that 99, and each of their agents, employees, successors, and assigns, and any and all other persons acting for, under or through 99, be perpetually enjoined and restrained from directly or indirectly continuing, renewing or maintaining the violations described in this Complaint.

5. That this Court award Judgment in favor of FLP and against 99 for all losses and damages, actual and special, that FLP has suffered, but in an amount of not less than $200,000.00.

6. That this court award FLP exemplary and punitive damages arising from the willful, wanton and reckless conduct of 99, in total disregard for the rights of FLP, as more particularly described in this Complaint, in an amount not less than $200,000.00.

7. That this Court award and 99 be obligated and required to pay, the full cost of this lawsuit, including as part thereof a reasonable fee for the services of FLP's attorneys.

8. That this Court order such other and further relief as the Court deems just and proper.

9. That this Court retain jurisdiction for the purposes of enabling FLP to apply to this Court at any future time for any further orders and directions as may be necessary and proper for the construction and/or carrying out of any and all orders granted by this Court for the enforcement or compliance therewith and the punishment of any and all violations of such orders.

## V. <u>THIRD CLAIM FOR RELIEF / INTERFERENCE WITH PROSPECTIVE ADVANTAGE</u>

### A. <u>Claim for Interference with Prospective Advantage</u>

1. FLP incorporates by this reference each and every one of the allegations of Paragraphs I through IV above as if fully set forth herein.

2. 99's interference with prospective advantage of FLP is evidenced by 99 engaging in the following patterns of behavior:

    a. 99's false and deceptive advertising;

    b. Confusion of goods and services with those of FLP;

    c. Disparagement; and

d.      Efforts to interfere with and/or induce away existing and/or potential contracting third parties and customers of FLP and his licensees.

3.      All of the above described practices and patterns of behavior have been, and will continue to be, negligently or illegitimately intended to interfere with the prospective advantage of FLP.

4.      As a direct and proximate result of 99 engaging in the herein-described practices and patterns of behavior, the following effects have and will continue to occur:

a.      As a result of 99's negligent and illegitimate behavior, as more particularly described herein, FLP has been, and will continue to be, unlawfully prevented from obtaining a prospective pecuniary advantage;

b.      FLP has suffered, and will continue to suffer, a diversion of potential customers and contractual relations with third parties by the unfair and unreasonable means employed by 99, as more particularly described herein, injuring the public and FLP;

c.      The publication of the confusing and/or misrepresentative advertisements, and other communications will be derogatory to FLP's business by confusing it with that of 99;

d.      The publication of false and/or confusing advertisements and additional similar communications by 99 will prevent others from dealing with FLP

e.      The publication of false and/or confusing advertisements and other communications may materially and substantially serve to induce and continue to induce others not to deal with FLP;

f.      FLP has been, and will continue to be, damaged, such damages being suffered by lost profits, terminated contractual relationships and reduced prospective business advantages;

g.    FLP has been, and will continue to be, injured by false and confusing advertising and other false and confusing communications and their competition with 99 and others will be unlawfully lessened;

h.    The public will be prevented from fairly judging between competitors because of 99's dissemination of false and deceptive descriptions and information through advertisements;

i.    FLP has suffered, and will continue to suffer, special damage, such special damage reflected through FLP incurring expenses to counteract 99's confusions and disparagements, by economic damage suffered by FLP, and by the loss of prospective business advantages.

5.    As a result of 99's conduct as more particularly described herein, FLP has suffered and incurred, and will continue to suffer and incur, losses and damages in amounts not yet fully determined, but upon information and belief not less than $200,000.00, and FLP will ask leave of Court to amend this claim upon determination of the exact amount of their losses and damages.

6.    99 is subject to the imposition of exemplary and punitive damages arising from their willful, wanton and reckless conduct carried out in total disregard of the rights of FLP, as more particularly described herein in an amount not less than $200,000.00.

7.    As a result of the aforementioned bad faith conduct of 99, FLP is entitled to recover and 99 should be required to pay the full costs of this claim, including as a part thereof a reasonable fee for the services of FLP's attorneys.

8.    FLP has no adequate or speedy remedy at law to prohibit the continued acts and conduct of 99 and FLP will suffer irreparable and immediate injury if 99 are not enjoined from the continuation of such acts and conduct.

**B.  <u>Prayer for Relief for Interference with Prospective Advantage</u>**

**WHEREFORE,** FLP prays for Judgment against 99 as follows:

1      1.    For an Order of this Court enjoining 99 and any person acting at the

2 instance of, or upon their behalf, from each of the acts and events specifically described

3 in FLP's Third Claim for Relief, in accordance with the jurisdiction of this Court.

4      2.    For an Order to Show Cause directing 99, to appear at that hearing at which

5 the Court will review the evidence in support of FLP's Third Claim for Relief, and if

6 FLPs, by such evidence, establish the probable validity of their claim, for the Court to

7 enter its Order requiring 99 to refrain from false advertising practices of goods and

8 services in interstate commerce.

9      3.    That 99, and each of their corporate agents, employees, directors,

10 successors and assigns, and any and all other persons acting for, under or through 99, be

11 enjoined and restrained from directly or indirectly continuing, renewing or maintaining

12 the violations herein described.

13      4.    That the Court award Judgment in favor of FLP and against 99, for losses

14 and damages, actual and special, FLP has suffered, but in an amount not less than

15 $200,000.00.

16      5.    That this Court award FLP exemplary and punitive damages arising from

17 the willful, wanton and reckless conduct of 99, in total disregard of the rights of FLP, as

18 more particularly described herein in an amount not less than $200,000.00.

19      6.    That this Court award, and 99 be obligated and required to pay the full cost

20 of this lawsuit, including as part thereof, a reasonable fee for the services of FLP's

21 attorneys.

22      7.    That this Court Order such other and further relief as this Court might deem

23 just and proper.

24      8.    That this Court retain jurisdiction for the purpose of enabling FLP to apply

25 to this Court at any future time for any further orders and directions as may be necessary

26 and proper for the construction and/or carrying out of any and all orders granted by this

1  Court for the enforcement or compliance therewith and the punishment of any and all
2  violations thereof.

### VI. <u>FOURTH CLAIM FOR RELIEF / FRAUD, AND COUNTERFEIT</u>

#### A. <u>Claim for Fraud and Counterfeit</u>

1.    By this referenced FLP incorporates the foregoing allegations in this Claim for Relief.

2.    99 committed fraud upon the Plaintiff.

3.    In 2014 representatives of 99 met with representatives of FLP in an FLP showroom in Bindao China and requested the opportunity to examine a variety of FLP products under the Great Idea product line and trademark.

4.    In 2014 representatives of 99 conveyed to FLP representations that 99 had great interest in the FLP product and had an interest in purchasing and an intent to purchase FLP products and wished to have access to FLP's promotional material and items of the Great Idea product line and attractive trademark and 99's products based on these representations ("hereafter "these representations").

5.    99 had knowledge as of that time that the "Great Ideas" trademark and product line belonged to and was the property of FLP.

6.    In reliance upon these representations FLP agreed to provide 99 representatives with FLP product access reserved for retailers.

7.    Upon information and belief, 99's representations were false.

8.    Upon information and belief, in seeking and receiving retailer access to FLP products in FLP's showroom 99 intended to gather data about FLP's product marketing, merchandising and trademark for their own use and their desire to review FLP's material was not solely the result of an intent to purchase FLP products.

9.    Upon information and belief, these representations were material to the Plaintiff agreeing to continue to provide legal services to Defendant;

10. Upon information and belief, 99 knew these representations were false.

11. Upon in formation and belief, 99 intended that the representation be acted upon by the Plaintiff in agreeing to continue to provide legal services to 99.

12. The Plaintiff was ignorant of the falsity of these representations;

13. The Plaintiff relied on the alleged truth of these representations.

14. The Plaintiff had the right to rely on these representation; and

15. The Plaintiff suffered consequent and proximate injury in the form of the infringement and counterfeiting of its valuable trademark.

16. Therefore under 15 U.S.C. §1117(a), FLP may recover 99'S profits which have yet to be determined, plus any damages sustained by FLP.

17. In the alternative under 15 U.S.C. §1117(c) FLP may recover (1) "not less than $500 nor more than $100,000 per counterfeit mark . . .; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark.".

18. 99's legal counsel has documented that 99 sold "about 34,000" of the trademarked products.

**B. Prayer for Relief for Fraud and Counterfeit**

**WHEREFORE,** FLP prays for Judgment against 99 as follows:

1. For an Order of this Court enjoining 99 and any person acting at the instance of, or upon their behalf, from each of the acts and events specifically described in FLP's Third Claim for Relief, in accordance with the jurisdiction of this Court.

2. For an Order to Show Cause directing 99, to appear at that hearing at which the Court will review the evidence in support of FLP's Third Claim for Relief, and if, by such evidence, FLP establishes the probable validity of their claim, for the Court to enter its Order requiring 99 to refrain from false advertising practices of goods and services in interstate commerce.

3.     That 99, and each of their corporate agents, employees, directors, successors and assigns, and any and all other persons acting for, under or through 99, be enjoined and restrained from directly or indirectly continuing, renewing or maintaining the violations herein described.

4.     That the Court award Judgment in favor of FLP and against 99, for losses and damages, actual and special, FLP has suffered, but in an amount not less than $200,000.00.

5.     That this Court award FLP exemplary and punitive damages arising from the willful, wanton and reckless conduct of 99, in total disregard of the rights of FLP, as more particularly described herein in an amount not less than $200,000.00.

6.     That this Court award, and 99 be obligated and required to pay the full cost of this lawsuit, including as part thereof, a reasonable fee for the services of FLP's attorneys.

7.     That this Court Order such other and further relief as this Court might deem just and proper.

8.     That this Court retain jurisdiction for the purpose of enabling FLP to apply to this Court at any future time for any further orders and directions as may be necessary and proper for the construction and/or carrying out of any and all orders granted by this Court for the enforcement or compliance therewith and the punishment of any and all violations thereof.

## VII.  FIFTH CLAIM FOR RELIEF / TRADEMARK COUNTERFEITING AND INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

### A.  Claim for Trademark Counterfeiting and Infringement in Violation Of 15 U.S.C. § 1114

1.     By this referenced FLP incorporates the foregoing allegations in this Claim for Relief.

2. 99's use of FLP's mark created a likelihood that the consuming public was confused into believing that FLP made the products sold by 99.

3. FLP did not consent to 99's use of the counterfeit mark.

4. FLP owns all of the right, title and interest in the United States in the Trademarks and the goodwill associated with them.

5. The foregoing actions by 99 constitute trademark counterfeiting and infringement in violation of 15 U.S.C. § 1114.

6. FLP was damaged by 99's willful counterfeit us of FLP's mark trademark counterfeiting and infringement in violation of 15 U.S.C. § 1114.

**B. Prayer for Relief for Trademark Counterfeiting and Infringement in Violation of 15 U.S.C. § 1114**

**WHEREFORE,** FLP prays for Judgment against 99 as follows:

1. For an Order of this Court enjoining 99 and any person acting at the instance of, or upon their behalf, from each of the acts and events specifically described in FLP's Third Claim for Relief, in accordance with the jurisdiction of this Court.

2. For an Order to Show Cause directing 99, to appear at that hearing at which the Court will review the evidence in support of FLP's Third Claim for Relief, and if, by such evidence, FLP establishes the probable validity of their claim, for the Court to enter its Order requiring 99 to refrain from false advertising practices of goods and services in interstate commerce.

3. That 99, and each of their corporate agents, employees, directors, successors and assigns, and any and all other persons acting for, under or through 99, be enjoined and restrained from directly or indirectly continuing, renewing or maintaining the violations herein described.

4. That the Court award Judgment in favor of FLP and against 99, for losses and damages, actual and special, FLP has suffered, but in an amount not less than $200,000.00.

5. That this Court award FLP exemplary and punitive damages arising from the willful, wanton and reckless conduct of 99, in total disregard of the rights of FLP, as more particularly described herein in an amount not less than $200,000.00.

6. That this Court award, and 99 be obligated and required to pay the full cost of this lawsuit, including as part thereof, a reasonable fee for the services of FLP's attorneys.

7. That this Court Order such other and further relief as this Court might deem just and proper.

8. That this Court retain jurisdiction for the purpose of enabling FLP to apply to this Court at any future time for any further orders and directions as may be necessary and proper for the construction and/or carrying out of any and all orders granted by this Court for the enforcement or compliance therewith and the punishment of any and all violations thereof.

## VIII.  SIXTH CLAIM FOR RELIEF / FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION IN VIOLATION OF 15 U.S.C. § 1125(A)

### A.  Claim for False Designation of Origin and False Representation in Violation of 15 U.S.C. § 1125(A)

1. By this reference FLP incorporates the foregoing allegations in this Claim for Relief.

2. In connection with goods, and containers for goods, used in commerce 99 used a false mark and false designation of origin, which resulted in false or misleading description of fact, or false or misleading representation of fact, which was likely to cause confusion, or to cause mistake, or to deceive as to 99's affiliation, connection, or association of 99 and its products and commercial activities with FLP, confusion as to

FLP being the origin of such goods and/or FLP sponsoring or approving 99'S goods, services, or commercial activities.

3. By 99's use of a counterfeit of FLP's mark, 99 misrepresented the nature, characteristics, qualities, or geographic origin of 99's good as being associated with and/or originating from FLP.

4. FLP was damaged by 99's willful false designation of origin and false representation in violation of 15 U.S.C. § 1125(A).

**B. Prayer for Relief for Trademark Counterfeiting and Infringement in Violation of 15 U.S.C. §1125(A)**

**WHEREFORE,** FLP prays for Judgment against 99 as follows:

1. For an Order of this Court enjoining 99 and any person acting at the instance of, or upon their behalf, from each of the acts and events specifically described in FLP's Third Claim for Relief, in accordance with the jurisdiction of this Court.

2. For an Order to Show Cause directing 99, to appear at that hearing at which the Court will review the evidence in support of FLP's Third Claim for Relief, and if, by such evidence, FLP establishes the probable validity of their claim, for the Court to enter its Order requiring 99 to refrain from false advertising practices of goods and services in interstate commerce.

3. That 99, and each of their corporate agents, employees, directors, successors and assigns, and any and all other persons acting for, under or through 99, be enjoined and restrained from directly or indirectly continuing, renewing or maintaining the violations herein described.

4. That the Court award Judgment in favor of FLP and against 99, for losses and damages, actual and special, FLP has suffered, but in an amount not less than $200,000.00.

1    5.    That this Court award FLP exemplary and punitive damages arising from the

2    willful, wanton and reckless conduct of 99, in total disregard of the rights of FLP, as more

3    particularly described herein in an amount not less than $200,000.00.

4    6.    That this Court award, and 99 be obligated and required to pay the full cost of

5    this lawsuit, including as part thereof, a reasonable fee for the services of FLP's attorneys.

6    7.    That this Court Order such other and further relief as this Court might deem

7    just and proper.

8    8.    That this Court retain jurisdiction for the purpose of enabling FLP to apply to

9    this Court at any future time for any further orders and directions as may be necessary and

10   proper for the construction and/or carrying out of any and all orders granted by this Court

11   for the enforcement or compliance therewith and the punishment of any and all violations

12   thereof.

13                    Respectfully submitted this 29th day of November 2016.

14                                    ABRAM & MEELL, P.A.

15                            By_____

16                                    Gregory C. Meell
17                                    2020 North Central Avenue, Suite 690
                                      Phoenix, Arizona 85073
18                                    Attorneys for Plaintiff

19

20

21

22

23

24

25

26

**VERIFICATION**

| STATE OF ARIZONA | ) |
| County of Maricopa | ) ss.<br>) |

PAUL CROISDALE, being first duly sworn upon his oath, deposes and says that:

1.    I am the President and Chief Executive Officer of the Plaintiff in this matter, FLP, LLC and am authorized to make this Verification for and on behalf of the Plaintiff.

2.    I have read the foregoing Complaint and know the contents thereof;

3.    I believe the contents of the Complaint are true to the best of my knowledge and belief.

4.    Pursuant to 28 U.S.C. §1746 I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 1st, 2016.

_____
PAUL CROISDALE